UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OMAR XAVIER LAWRENCE,

    Petitioner,

vs.                                                CASE NO. 8:08-cv-1630-T-33TBM

SECRETARY, DEPT. OF CORRECTIONS,

    Respondent.
_____/

## O R D E R

This cause is before the Court on Omar Xavier Lawrence's 28 U.S.C. § 2254 petition for writ of habeas corpus. A review of the record demonstrates that Lawrence's petition must be dismissed, without prejudice, because he has failed to show that his state court remedies are exhausted.

Background

In *Lawrence v. State*, ---So. 2d ---, 2008 WL 2744437 (Fla. 2d DCA, July 16, 2008), the state district court of appeal reversed and remanded after Lawrence appealed the state trial court's order on Lawrence's Rule 3.850 motion:

> Omar Xavier Lawrence appeals an order entered by the circuit court in response to his motion for postconviction relief. In his timely motion, Mr. Lawrence raised fourteen grounds challenging his judgments and sentences for first-degree murder and attempted second-degree murder. The trial court entered an order in February 2008 that struck the first eight grounds as facially insufficient and then denied grounds nine through fourteen. The order strikes the first eight grounds "without prejudice to Defendant filing a timely and facially sufficient claim." The trial court apparently intended to dispose of the remaining grounds on the merits. The order ended with the advisory that Mr. Lawrence had thirty days in which to file an appeal from this order.
>
> We conclude that the trial court misunderstood the procedures

mandated by *Spera v. State*, 971 So.2d 754 (Fla.2007). The order erroneously attempts to create a partial final judgment that is appealable as to some, but not all, grounds and then permits the filing of a successive motion as an "amendment" at some indefinite time in the future. We reverse this order due to the procedural errors and remand for further proceedings that presumably will result in the entry of a single, final appealable order.

This well-intended order demonstrates a common confusion in the circuit courts arising from the supreme court's recent ruling in *Spera*. In *Spera,* the supreme court adopted a modified approach to postconviction motions that requires the trial courts to give defendants an opportunity to amend motions that are procedurally deficient. The court explained:

> Accordingly, when a defendant's initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule's or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion. As we did in *Bryant* [ v. State, 901 So.2d 810 (Fla. 2005) ], we hold that the proper procedure is to strike the motion with leave to amend within a reasonable period.

*Spera,* 971 So.2d at 761.

The goal of the procedures adopted in *Spera* is not to provide defendants with the ability to file additional motions pursuant to rule 3.850 that result in more appealable final orders. Indeed, the goal is just the opposite. Instead of permitting defendants to file multiple motions that are denied or dismissed without reaching the merits, each of which results in a separate appeal, the goal of *Spera* is to limit most defendants to a single postconviction proceeding under rule 3.850. By giving the defendant the opportunity to amend prior to the entry of a final order, the final order can be a disposition on the merits for all claims that were or could have been raised in that motion, thereby limiting most defendants to one appeal and to the right to a successive motion only in extraordinary cases. Both this court and the First District have attempted to explain that *Spera* results in dispositions on the merits. *See Christner v. State*, 984 So.2d 561 (Fla. 2d DCA 2008); *Nelson v. State*, 977 So.2d 710 (Fla. 1st DCA 2008).

In *Christner*, we were faced with an order that both gave a specific time in which to amend the motion and also informed the defendant that the order was appealable. Because the defendant had chosen not to amend his pleadings, we relinquished jurisdiction to the circuit court to enter a final appealable order. In that context, we declined to follow *Howard v. State*, 976 So.2d 635 (Fla. 5th DCA 2008), which dismissed an appeal from an order dismissing or striking insufficient claims. In *Howard,* there is no discussion of

>  any language giving the defendant a period in which to amend the motion. Thus, the order that Mr. Lawrence is appealing in this case is probably quite similar to the order appealed in *Howard*.
>
>  In this case, the circuit court should have issued an order striking grounds one through eight with leave to amend within a reasonable period, probably thirty days. Although the circuit court was free to indicate in such a nondispositive order that the other grounds would ultimately be denied without leave to amend, it should not have entered a partial final order in this regard. Indeed, as we indicated in *Christner*, we would prefer that the circuit court affirmatively inform the defendant that such a nonfinal order is not yet appealable.
>
>  We do not know whether Mr. Lawrence will amend his motion or whether any amendments will significantly alter the status of this case. It is not inconceivable that the final order disposing of an amended motion could render the content of the current order moot. Accordingly, in this posture the relinquishment procedure utilized in *Christner* is not workable. On the other hand, we hesitate to dismiss this appeal as was done in *Howard* on the ground that the order is a nonfinal order when it does contain language of finality and apparently was intended by the trial court as a final order.
>
>  Accordingly, we reverse the order on appeal and remand for the entry of a nonfinal order that gives Mr. Lawrence a reasonable time to attempt to amend his motion. If he does not amend his motion, the circuit court may enter a final order that is a disposition on the merits of all of Mr. Lawrence's claims. If he files an amendment, the circuit court should consider that amendment and rule on it in an appropriate manner intended to result in a single final order.
>
>  Reversed and remanded.

2008 WL 2744437 at *1,2.

In his 28 U.S.C.. § 2254 petition, Lawrence states that he has no petition or appeal now pending in any [state] court. (Petition, p. 12). However, nothing in his federal filings demonstrates that a non-final or final order was entered after the state district court of appeal reversed and remanded the state trial court's order.

In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state court an opportunity to rule on

Lawrence's claims.  Thus, this case will be dismissed without prejudice to give Lawrence the opportunity to complete his action in state court and to exhaust his state court remedies.  *See Rose v. Lundy*, 455 U.S. 509 (1982); *see also* 28 U.S.C. § 2254(b)(1)(A).

Accordingly, it is now

**ORDERED**:

1.	This case is dismissed without prejudice.[1]

2.	The Clerk of the Court shall enter judgment against Petitioner Lawrence and close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v.

---

[1] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d).  Petitioner should note that the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 121 S.Ct. 2120 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 21, 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Omar Xavier Lawrence